UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DARREN L. CORBETT,

    Petitioner,

v.                                                      CASE NO: 8:13-CV-1374-T-30MAP

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

# ORDER

THIS CAUSE comes before the Court upon Darren Corbett's Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the Petition (Dkt. #1), the State's Response (Dkt. #10), and the Petitioner's Reply (Dkt. #13), and concludes the Petition should be denied.

**Background**

Corbett brings this Petition challenging his trial based convictions for burglary with assault or battery in violation of Florida Statute § 810.02(2)(a), armed kidnapping in violation of Florida Statute § 787.01(1)(a)(1), and robbery with a weapon in violation of Florida Statute § 812.13(1)(2)(b). Corbett and the victim, Tawanda Samuel, were known to each other. Dkt. #12, Ex. 1, pp. 1-5. Samuel was a friend of Corbett's sister.

The incident began when Samuel arrived home after work on New Year's Day, 2009. She noticed the hidden spare key to her home was gone and called her son to see if

1

he had stopped by the house, but he had not. Samuel walked into her bedroom and Corbett, who was standing behind the door, grabbed her, pulled her head back, and produced a knife. Corbett told the victim to lie on her bed and remove all of her clothing. He asked how much money she had in the bank and told her to put on a robe which he retrieved from the closet. Corbett proceeded to tie the victim's hands and cover her face with pieces of a shirt he had ripped apart. He then placed the victim in her vehicle, laid her seat all the way back, and drove to the bank where he withdrew money from Samuel's account. They then returned to her house.

Corbett took the victim back into her room and, again, demanded she lay on her bed unclothed. He told her that if he wanted to do something to her, he would, but he just wanted to look at her. The victim, who was in fear, began talking to Corbett and offered to get some water. Corbett told her when he left that she should call 9-1-1 and then pointed the knife at himself and told Samuel to kill him. She told Corbett that she did not want to kill him. Corbett then apologized to Samuel for coming into her house uninvited and making her a part of his addiction.

The victim asked Corbett why he did this to her. He responded that he envied his sister and that she had something that he knew he could never have. Corbett removed his mask prior to leaving Samuel's residence and she immediately recognized him as the brother of her girlfriend.

The State of Florida sought to introduce evidence from another case which was pending at the time the charges for this Petition went to trial. The goal of introducing this evidence was to disprove accident or mistake, and to prove intent, plan, or preparation. The

2

Court took judicial notice of the case pending against Corbett, reviewed the parties' briefs, listened to argument from the State and Corbett, and entered an order granting the State's use at trial of Corbett's prior acts.  Dkt. #12, Ex. 1, pp. 52-56

The charges pending against Corbett were for kidnapping, robbery with a firearm or deadly weapon, and sexual battery with use of a deadly weapon.  The victim in Corbett's other pending case, Ginny Cormeny, testified that the crimes Corbett committed against her were remarkably similar to those committed against Samuel.  In both cases, Corbett knew the victims prior to the incident.  The incidents happened over a holiday and a knife was used to threaten the victims.  He made the victims undress, stay undressed, lie on their beds, and glared at them.  He made both victims ride in the fully reclined passenger seat of their vehicles and drove them to a local ATM machine and withdrew money from the victims' accounts.

**Procedural History**

Corbett filed a motion to represent himself at trial, which was granted, and the jury convicted him as charged.  Corbett appealed with the assistance of counsel and raised the following issues:

> 1. The trial court abused its discretion in admitting other crimes evidence which was not sufficiently similar to the crime charged and where the prejudicial effect outweighed the probative value of the evidence in violation of the defendant's due process rights to a fair trial under the Fourteenth Amendment to the United States Constitution.

2. The trial court erred in determining that the defendant's statement was voluntarily made in violation of his Fifth Amendment rights under the United States Constitution.

The Florida Second District Court of Appeal issued a per curiam order without a written opinion. *Corbett v. State*, 67 So. 3d 208 (Fla. 2d DCA 2011). On March 13, 2012, Corbett filed a *pro se* motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 raising six grounds for relief:

1. The trial court committed fundamental error in admitting other crimes evidence which was not sufficiently similar to the crime charged and where the prejudicial effect outweighed the probative value of the evidence in violation of the defendant's due process rights to a fair trial under the Fourteenth Amendment to the United States Constitution.

2. The prejudicial effect of the collateral crimes substantially outweighed the probative value of the evidence in violation of the defendant's due process rights to a fair trial under the Fourteenth Amendment to the United States Constitution.

3. The trial court committed fundamental error in failing to weigh whether the prejudicial effect outweighed the probative value of the testimony.

4. The trial court committed reversible error in ruling the other crimes evidence was relevant to prove intent.

5. The State committed reversible error in over-prosecution of the defendant, and that error is presumed harmful.

<a>
<p></p>
</a>

    6. The trial court committed fundamental error by allowing collateral crimes testimony concerning Count Two in the charged information.

The state post-conviction court summarily denied all the grounds on the basis that they could have been raised on appeal, and thus were procedurally barred from being raised in a Rule 3.850 motion. Corbett appealed raising two issues:

    1. The trial court committed reversible error by admitting evidence of other bad acts or crimes.

    2. The State committed reversible error in over-prosecution of the defendant, and that error is presumed harmful.

The Second District issued a per curiam affirmance without written opinion. *Corbett v. State*, 2013 WL 387934 (Fla. 2d DCA 2013). Now, Petitioner has timely filed this § 2254 Petition for habeas relief (CV Dkt. #1) raising the following grounds:

    1. Collateral crime evidence violated defendant's right to due process if it is so prejudicial that it denies the defendant a fair trial.

    2. The trial court committed fundamental error in admitting other crimes evidence which was not sufficiently similar to the crime charged which violated the petitioner's right to due process.

    3. The other crimes evidence was not relevant to prove intent, and only showed propensity and bad character, in violation of the petitioner's right to due process.

    4. The other crimes evidence was not relevant to show a common scheme or plan.

**Standard of Review**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) has established a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for Dep't of Corr.,* 331 F.3d 764, 768 (11th Cir. 2003). The statute states in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)

The United States Supreme Court has explained that a state court's decision is "contrary to" clearly established Federal law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003). This highly deferential standard is difficult to meet. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (U.S. 2011). When reviewing factual determinations, the state court is presumed to be correct and the applicant has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**Discussion**

All of the Petitioner's claims are rooted in an objection to the state court's admittance of evidence of similar acts. Corbett complains that the evidence was unfairly prejudicial and irrelevant. With the heavy burden of demonstrating to this Court that the state courts rulings misapplied established federal law as determined by the United States Supreme Court, the Petitioner fails to cite a single Supreme Court case in his petition. In his reply brief, Corbett cites three Supreme Court cases: *Darden v. Wainwright*, 477 U.S. 168, 169 (1986); *Huddleston v. United States*, 485 U.S. 681 (1988); and *Old Chief v. United States*, 519 U.S. 172 (1997). However, none of those cases demonstrate how Corbett's state court proceedings violated his right to due process.

What Corbett complains of is trial court error in the admission of evidence of his previous acts. "As a general rule, a federal court in a habeas corpus case will not review the trial court's actions concerning the admissibility of evidence." *Tidwell v. Butler*, 415 F. App'x 979, 980 (11th Cir. 2011) (citations omitted). "However, where a state court's ruling is claimed to have deprived a defendant of his right to due process, a federal court should then inquire only to determine whether the error was of such magnitude as to deny fundamental fairness to the criminal trial." *Id*. (citations omitted).

The trial court admitted the evidence of prior bad acts to establish a plan or pattern present in Corbett's behavior and it also served to rebut the anticipated defense of consent. *Williams v. State*, 110 So. 2d 654 (Fla. 1959). This Court concludes the evidence of

Corbett's prior acts did not deprive Corbett of the fundamental fairness of his trial. Therefore, none of the Petitioner's claims are cognizable on federal habeas review.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 (Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for the Respondent, terminate any pending motions, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at §2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 17th day of January, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2013\13-cv-1374 deny 2254.docx